# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN DESMOND,

               Plaintiff,              :        Case No. 3:04-cv-002

      -vs-                                Chief Magistrate Judge Michael R. Merz

                             :

OHIO DEPARTMENT OF
 TRANSPORTATION, et al.,

               Defendants.

---

## DECISION AND ORDER

---

This case is before the Court on cross-motions for summary judgment on the issues of liability (Defendants' Motion Doc. No. 7; Plaintiff's Motion Doc. No. 9). The parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. §636(c) and the case has been referred on that basis.

Plaintiff's Complaint purports to state two claims for relief, one directly under the Fourteenth Amendment for deprivation of due process (Complaint, Doc. No. 1, at ¶¶ 19-20) and one under 42 U.S.C. §1983 for deprivation of civil rights related to the same conduct. *Id*. at ¶¶ 21-22[1]. 42 U.S.C. §1983 is the exclusive remedy for constitutional violations by state and local officials - no direct action under the Constitution is available. *Thomas v. Shipka*, 818 F.2d 496 (6th Cir. 1987); *vacated on other grounds,* 872 F. 2d 772 (6th Cir. 1989). Compare *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Thus

---

[1]The Complaint also mentions 42 U.S.C. §1985, but no attempt is made in the Complaint to plead a claim under that statute.

Plaintiff's claims for deprivation of due process must be analyzed under 42 U.S.C. §1983.

42 U.S.C. §1983, R.S. §1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a constitutional right by someone acting under color of state law.  *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986); *Carey v. Piphus,* 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).  The purpose of §1983 is to deter state actors from using the badge of  their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  *Wyatt v. Cole*, 504 U.S. 158, 1125 S. Ct. 1827, 118 L. Ed. 2d 504 (1992).  In order to be granted relief,  a plaintiff must establish that the defendant deprived him of a right secured by the U.S.  Constitution and the laws of the United States and that the deprivation occurred under  color of state law.  *See West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Parratt v. Taylor*,  451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981); *Flagg Brothers Inc. v. Brooks*, 436  U.S. 149, 155, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978).

The Complaint seeks monetary and declaratory relief (Complaint, Doc. No. 1 at 5) against the Ohio Department of Transportation, its Director Gordon Proctor and its District Deputy Director

William L. Harrison, in their official and individual capacities. Suits against government officials in their official capacities are in effect suits against the governmental entity itself. *Brandon v. Holt*, 469 U.S. 464 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793). It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 2d 840 (1890); *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 102 S. Ct. 3304, 73 L. Ed. 2d 1057 (1982). The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury. *Estate of Ritter v. University of Michigan,* 851 F. 2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459, 65 S. Ct. 347, 89 L. Ed. 2d 389 (1945); *Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).

Application of the Eleventh Amendment in a suit against a public agency turns on whether the agency can be characterized as an arm or alter ego of the State, or whether it should be treated instead as a political subdivision of the State. *Hall v. Medical College of Ohio at Toledo,* 742 F. 2d 299, 302 (6th Cir. 1984)(citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)). This bar against suit also extends to state officials acting in their official capacities. K*entucky v. Graham,* 473 U.S. 159, 167, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Congress has not abrogated state sovereign immunity in suits under 42 U.S.C.

1983. *Cowan v. University of Louisville School of Medicine*, 900 F. 2d 936, 940-41 (6th Cir. 1990)(citing *Quern v. Jordan,* 440 U.S. at 341.)

Because of the Eleventh Amendment, all claims for monetary damages against the Ohio Department of Transportation, Mr. Proctor, and Mr. Harrison in their official capacities must be dismissed without prejudice for lack of subject matter jurisdiction.

The Eleventh Amendment does not bar an action for injunctive relief against a state officer for violations of the United States Constitution. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Cory v. White*, 457 U.S. 85, 102 S. Ct. 2325, 72 L. Ed. 2d 694 (1982); *Thomson v. Harmony*, 65 F. 3d 1314, 1320 (6th Cir. 1995). However, the Amendment does bar an action to enjoin state officials from violating state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d  67 (1984).

It is undisputed that Plaintiff began employment with ODOT in 1981. He was terminated in 1983 but reinstated after appeal to the State Personnel Board of Review.

The property interests protected from deprivation by the Fourteenth Amendment are in general those property interests created by the States. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). "Government employment amounts to a protected property interest when the employee is entitled to continued employment. Neither mere government employment nor an abstract need or desire for continued employment will give rise to a property interest. Rather, a property interest exists and its boundaries are defined by rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bailey v. Floyd Bd. of Educ.*, 106 F. 3d 135, 141 (6th Cir. 1997). As a state employee in the classified civil service, he had property rights in his position which were protected by the United States Constitution from deprivation without due process of law. *Loudermill v. Cleveland Bd. of Education*, 721 F.2d 550 (6th Cir. 1983).

In November, 1998, Plaintiff was notified that his position had been transferred by administrative decision to the newly-created Ohio Career Professional Service pursuant to Ohio Revised Code § 5501.20. He thereby lost his status as a classified civil servant under Ohio Revised Code § 124.34 and the attendant rights under Ohio law. He claims that this change deprived him of due process (Doc. No. 9 at 3). However, he failed to file this action until January, 2004, more than seven years after the change in status occurred. The statute of limitations for an action under 42 U.S.C. §1983 is only two years. Ohio Revised Code §2305.10; *Browning v. Pendleton,* 869 F. 2d 989 (6th Cir. 1989)(*en banc*).

Plaintiff claims that his action is not barred by the statute either because he suffered no real harm by the change in status until he was demoted in January, 2002, or under a continuing violation theory.

The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 856 (6th Cir. 2003), citing *Kuhnle Bros., Inc. v. County of Geauga,* 103 F.3d 516 (6th Cir. 1997) (quoting *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984)). In determining when the cause of action accrues in § 1983 cases, the Sixth Circuit looks to the event that should have alerted the typical lay person to protect his or her rights. *Id.* citing *Dixon v. Anderson,* 928 F.2d 212, 215 (6th Cir. 1991).

It is state law which creates the property interests which are protected from deprivation without due process by the Fourteenth Amendment. See *Board of Regents v. Roth, supra.* Plaintiff knew that his property interest in his classified civil service job was gone at least as early as November, 1998. Therefore his claim under §1983 relating to the reclassification is barred by the statute of limitations.

Plaintiff also claims that he was not properly placed in the career professional service

because his job duties do not properly fit within the statute. To the extent this is a claim that the state statute was not properly applied to him, this Court lacks subject matter jurisdiction because such a claim does not arise under federal law. If on the other hand this constitutes a claim that the reclassification is unconstitutional because arbitrary and capricious – i.e., that he is so outside the ordinary understanding of the language in Ohio Revised Code § 5501.20 that no reasonable person could find that he is within that language – this claim would arise under federal law but is also barred by the statute of limitations because the deprivation took place, at the latest, in November, 1998.

Plaintiff's second claim is that he was deprived of due process when he was demoted in January, 2002. Plaintiff asserts and Defendants agree that the process for disciplining someone in the ODOT career professional service is set forth in Ohio Administrative Code §5501-2-02. Plaintiff complains that the process provided does not allow counsel to examine witnesses, does not provide the hearing officer with subpoena power (which could be used to compel the attendance of witnesses for the employee), does not provide for any appeal[2], and requires the hearing officer to deny relief unless he or she finds by clear and convincing evidence that the suspension or demotion was not justified. Plaintiff cites no law for the proposition that any of these protections are required by the Due Process Clause.

In contrast, Defendants have presented authority holding that a public employee is not (1) entitled to notice of charges against him prior to a pre-deprivation conference on such charges (*DeMarco v. Cuyahoga County Dep't of Human Services*, 12 F. Supp. 2d 715, 719-20 (N.D. Ohio 1998)); (2) entitled to present his case to an impartial decision-maker prior to termination (*Duchesne*

---

[2]Defendants assert that Plaintiff would have an appeal from an adverse decision to the Franklin County Common Pleas Court under the Ohio administrative procedure act, Ohio Revised Code § 119.12. This Court need not decide this question of Ohio law as the determination whether the statute comports with due process does not turn on this question.

*v. Williams,* 849 F. 2d 1004 (6th Cir. 1988)(en banc)); or (3) entitled to the assistance of counsel (*Panozzo v. Rhoads*, 905 F. 2d 135, 139-40 (7th Cir. 1990); *Buschi v. Kirven*, 775 F. 2d 1240, 1254-56 (4th Cir. 1985)). Plaintiff received all these procedural protections.

In *Mathews v. Eldridge,* 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), the Supreme Court prescribed the general method for analyzing whether particular procedures satisfy the requirements of procedural due process:

> [O]ur prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S., at 334-35. While Plaintiff's private interest in not being demoted is important, the provision of separate hearing personnel pre- and post-deprivation provides an important safeguard against erroneous deprivation. More to the point, the federal courts cited above have found that lesser protection is sufficient even in cases of termination, much less demotion. Plaintiff has not demonstrated that the procedure used in his demotion process deprived him of due process as guaranteed by the Fourteenth Amendment.

Finally, Defendants Proctor and Harrison claim they are entitled to qualified immunity as to any money damages claims against them in their individual capacities. Government officials performing discretionary functions are afforded a qualified immunity under 42 U.S.C. §1983 as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *Christophel v. Kukulinsky*, 61 F. 3d 479, 484 (6th Cir. 1995); *Adams v. Metiva*, 31 F. 3d 375, 386 (6th Cir., 1994); *Flatford v. City of Monroe*, 17 F. 3d 162 (6th Cir. 1994). The

question is not the subjective good or bad faith of the public official, but the "objective legal reasonableness" of his or her action in light of clearly established law at the time the official acted. *Anderson v. Creighton*, 483, U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). In deciding qualified immunity defenses, district courts are to apply a two-part sequential analysis. They must first determine whether the alleged facts, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right. The next step is to decide if the right was clearly established. *Brosseau v. Haugen*, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004), *Klein v . Long,* 275 F.3d 544 (6th Cir. 2001), *citing Saucier v. Katz*, 533 U.S. 194 (2001). Since this Court has determined that there was no constitutional violation, plainly no violated right was clearly established at the time Defendants Proctor and Harrison acted.

The Court concludes that there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law. Plaintiff's Motion for Summary Judgment is denied, Defendants' Motion for Summary Judgment is granted, and the Clerk will enter judgment dismissing the Complaint with prejudice.

February 23, 2006.

s/ **Michael R. Merz**
Chief United States Magistrate Judge